# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF NORTH CAROLINA
# STATESVILLE DIVISION
# 5:16cv147-FDW

| | |
|---|---|
| **DERRICK D. BOGER,** ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| vs. ) | **ORDER** |
| ) | |
| **SUSAN WHITE et al,** ) | |
| ) | |
| Respondents. ) | |
| _____) | |

**THIS MATTER** is before the Court upon Petitioner Derrick D. Boger's Application to Proceed In Forma Pauperis ("IFP"). (Doc. No. 1.)

Petitioner is a prisoner of the State of North Carolina who currently is housed at Alexandria Correctional Institution. On June 23, 2016, Petitioner filed a 28 U.S.C. § 2254 Petition for Writ of Habeas Corpus (Doc. No. 2) and IFP Application (Doc. No. 1) in the Federal District Court for the Middle District of North Carolina. On August 3, 2016, the entire action was transferred to this Court, where venue is proper.

Federal law requires that a petitioner seeking habeas review of his state conviction and/or sentence in federal district court pay a filing fee in the amount of $5.00 or be granted leave to proceed without prepayment of fees and costs. Rule 3(2) of the Rules Governing Section 2254 Cases in the United States District Courts requires a prisoner's habeas petition be accompanied by "a motion for leave to proceed in forma pauperis, the affidavit required by 28 U.S.C. § 1915, and a certificate from the warden or other appropriate officer of the place of confinement showing the amount of money or securities that the petitioner has in any account in the institution."

1

Petitioner's IFP Application serves as his affidavit of indigency.  The Court ordered Respondent to file a certified copy of Petitioner's trust fund account statement for the six (6) month period immediately preceding the filing of Petitioner's § 2254 Petition.  (Doc. No. 5.)  Respondent has complied (Doc. No. 6)[1], and this matter is ripe for review.

According to his affidavit of indigency, which he signed under penalty of perjury, Petitioner is not employed by the prison, has not received any money from any source in the year prior to filing his habeas Petition, and had a zero balance in his inmate trust account when he signed the affidavit.  (Doc. No. 1.)  Petitioner's trust account statement tells a different story.  It shows average monthly deposits of $60.00 into Petitioner's trust account for the three months preceding his habeas filings.  (Doc. No. 6 at 1.)  It also shows that during those three months, Petitioner's average account balance was $351.26.  (Doc. No. 6, supra.)  Moreover, Petitioner had more than $300 in his trust account when he filed his habeas Petition.  (Doc. No. 6 at 3.)

**IT IS, THEREFORE, ORDERED** that Petitioner's Application to Proceed In Forma Pauperis (Doc. No. 1) is **DENIED**.

**IT IS FURTHER ORDERED** that Petitioner pay the $5.00 filing fee to the Clerk of Court within twenty-one (21) days of entrance of this Order.  Failure to comply with this Order shall result in dismissal of the Petition for Writ of Habeas Corpus (Doc. No. 2.)

Signed: November 17, 2016

Frank D. Whitney
Chief United States District Judge

---

[1] For reasons that are not clear, Respondent provided Petitioner's trust account statement for the three months preceding Petitioner's habeas filings and the three months after. (Doc. No. 6.) Regardless, the statement provides sufficient information for the Court to rule on the IFP Application.