# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF NORTH CAROLINA
# STATESVILLE DIVISION
# 5:16cv147-FDW

| | |
|---|---|
| DERRICK D. BOGER, | ) |
| Petitioner, | ) |
| vs. | ) **ORDER** |
| SUSAN WHITE et al, | ) |
| Respondents. | ) |

**THIS MATTER** is before the Court upon Petitioner Derrick D. Boger's pro se Petition for Writ of Habeas Corpus, pursuant to 28 U.S.C. § 2254. (Doc. No. 2.) Petitioner is a prisoner of the State of North Carolina who currently is housed at Alexander Correctional Institution.

Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts directs district courts to examine habeas petitions promptly. Rule 4, 28 U.S.C.A. foll. § 2254. When it plainly appears from any such petition and any attached exhibits that the petitioner is not entitled to relief, the reviewing court must dismiss the motion. Id.

The allegations in the instant Petition relate to unspecified disciplinary actions against Petitioner during his incarceration. In his first two grounds for relief, Petitioner states that whenever he is charged with a disciplinary infraction, the disciplinary board takes money out of his account without his permission. (Pet. 3, 4, Doc. No. 2.) In Grounds Three and Four, Petitioner contends that he has been subject to excessive punishment for infractions. (Pet. 5, 6.)

Rule 2(c) of the Rules Governing Section 2254 Cases "explicitly requires that a petitioner summarize the facts supporting each of the alleged grounds for relief." Adams v. Armontrout, 897 F.2d 332, 333 (8th Cir. 1990). Rule 2(c) requires a petitioner to "state specific,

1

particularized facts which entitle him . . . to habeas corpus relief for each ground specified. These facts must consist of sufficient detail to enable the court to determine, from the face of the petition alone, whether the petition merits further habeas corpus review." Id. at 334.

Petitioner has failed to comply with Rule 2(c). See Rule 2(c), 28 U.S.C.A. foll. § 2254. He has provided no dates for the infractions at issue or the disciplinary actions taken. He has provided no information regarding the disciplinary processes employed. He claims that "whenever" he is charged with an infraction, he is punished but fails to specify the punishments imposed for each infraction. In short, the grounds raised are too vague for the Court to conclude the Petition merits further review.

Furthermore, under Rule 2(e) "[a] petitioner who seeks relief from judgments of more than one state court must file a separate petition covering the judgment or judgments of each court." See Rule 2(e), 28 U.S.C.A. foll. § 2254. Petitioner appears to be challenging punishments imposed for multiple infractions, which may have occurred, or been imposed, on different dates. If that is the case, he cannot challenge all of these actions in a single habeas petition.

Finally, under the Antiterrorism and Effective Death Penalty Act, a petitioner must exhaust his available state remedies before he may pursue habeas relief in federal district court. 28 U.S.C. § 2254(b)(1)(A).[1] To meet the exhaustion requirement, a petitioner challenging prison disciplinary actions must, at a minimum, demonstrate that he has complied with the prison's administrative procedures for appealing those actions. Here, Petitioner has not provided any

---

[1] 28 U.S.C. § 2254(b)(1) provides that "[a]n application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that—(A) the applicant has exhausted the remedies available in the courts of the State; or (B)(i) there is an absence of available State corrective process; or (ii) circumstances exist that render such process ineffective to protect the rights of the applicant." § 2254(b)(1)(A) & (B).

indication whether he has followed those administrative procedures.

In short, the Petition is subject to dismissal on initial review under Rule 4 of the Rules Governing Section 2254 Cases. Nevertheless, the Court will provide Petitioner a reasonable opportunity to correct the deficiencies described herein.

**IT IS, THEREFORE, ORDERED** that Petitioner shall have 21 days from entrance of this Order to file an amended habeas Petition that complies with Rule 2 of the Rules Governing Section 2254 Cases in the United States District Courts, and corrects the other deficiencies described in the body of this Order. *Failure to comply with this Order shall result in dismissal of Petitioner's § 2254 habeas Petition.*

Signed: December 14, 2016

Frank D. Whitney
Chief United States District Judge