UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
5:16cv147-FDW

| DERRICK D. BOGER, | ) |  |
|---|---|---|
|  | ) |  |
| Petitioner, | ) |  |
|  | ) |  |
| vs. | ) | **ORDER** |
|  | ) |  |
| SUSAN WHITE et al, | ) |  |
|  | ) |  |
| Respondents. | ) |  |

**THIS MATTER** is before the Court upon Petitioner Derrick D. Boger's amended pro se Petition for Writ of Habeas Corpus, pursuant to 28 U.S.C. § 2254. (Doc. No. 11.) Also before the Court is Petitioner's Motion for Default Judgment. (Doc. No. 13.)

On June 23, 2016, Petitioner filed a pro se Petition for Writ of Habeas Corpus in the United States District Court for the Middle District of North Carolina. (Doc. No. 2.) That court transferred the entire action here, where venue is proper, on August 3, 2016. (Doc. No. 4.)

The allegations in the June 23, 2016 Petition relate to unspecified disciplinary actions against Petitioner during his incarceration. In his first two grounds for relief, Petitioner states that whenever he is charged with a disciplinary infraction, the disciplinary board takes money out of his account without his permission. (Pet. 3, 4, Doc. No. 2.) In Grounds Three and Four, Petitioner contends that he has been subject to excessive punishment for infractions. (Pet. 5, 6.)

On December 15, 2016, the Court entered an Order notifying Petitioner that his habeas Petition failed to comply with Rule 2 of the Rules Governing Section 2254 Cases in the United States District Courts. (Doc. No. 10.) Rule 2(c) of the Rules Governing Section 2254 Cases "explicitly requires that a petitioner summarize the facts supporting each of the alleged grounds

1

for relief." Adams v. Armontrout, 897 F.2d 332, 333 (8th Cir. 1990). Rule 2(c) requires a petitioner to "state specific, particularized facts which entitle him . . . to habeas corpus relief for each ground specified. These facts must consist of sufficient detail to enable the court to determine, from the face of the petition alone, whether the petition merits further habeas corpus review." Id. at 334.

The Court notified Petitioner that he had provided no dates for the infractions at issue or the disciplinary actions taken and no information regarding the disciplinary processes employed. (Order 2, Doc. No. 10 (citing Rule 2(c), 28 U.S.C.A. foll. § 2254).) The Court observed also that Petitioner appeared to be challenging punishments imposed for multiple infractions, which may have occurred, or been imposed, on different dates and notified Petitioner that he cannot challenge multiple, unrelated disciplinary actions in a single habeas petition. (Order 2 (citing Rule 2(e) of the Rules Governing Section 2254 Cases).) The Court provided Petitioner 21 days to file an amended habeas Petition that complied with Rule 2, and corrected the other deficiencies described in the body of the Court's Order. The Court warned Petitioner that failure to comply with the Order would result in dismissal of his § 2254 habeas Petition. (Order 3.)

Rather than comply, Petitioner filed an amended habeas Petition on which he wrote "N/A" (Not Applicable) on every section of the Petition.[1] (Am. Pet., Doc. No. 11.) Consequently, he has eliminated all of his previously stated grounds for relief.

Rule 4 of the Rules Governing Section 2254 Cases directs district courts to dismiss a habeas petition when it appears from the petition and any attached exhibits that the petitioner is not entitled to relief. Petitioner's amended habeas Petition (Doc. No. 11) eliminates all the

---

[1] The only exception is that Petitioner requested the following relief: "That the petitioner [sic] money be no longer took for an infraction and that the petitioner be allowed to sue for damages of $500,000 thousand dollars for larceny and mental trauma." (Am. Pet. 9, Doc. No. 11.)

2

grounds for relief raised in his original habeas Petition (Doc. No. 2), and the original habeas Petition failed to comply with Rule 2(c), (e) of the Rules Governing Section 2254 Cases. Accordingly, this action shall be dismissed. See Rule 4, 28 U.S.C.A. foll. § 2254.

Additionally, Petitioner is not entitled to default judgment. Under Rule 5(a) of the Rules Governing Section 2254 Cases, the respondent is not required to answer a habeas petition unless ordered to do so by a judge. The Court did not order Respondent to file an answer in this action.

**IT IS, THEREFORE, ORDERED** that:

1. Petitioner's Amended Petition for Writ of Habeas Corpus (Doc. No. 11) is **DISMISSED** without prejudice;

2. Petitioner's Motion for Default Judgment (Doc. No. 13) is **DENIED**; and

3. Pursuant to Rule 11(a) of the Rules Governing Section 2254 Cases, the Court declines to issue a certificate of appealability as Petitioner has not made a substantial showing of a denial of a constitutional right. 28 U.S.C. § 2253(c)(2); Miller-El v. Cockrell, 537 U.S. 322, 336-38 (2003) (in order to satisfy § 2253(c), a petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong); Slack v. McDaniel, 529 U.S. 474, 484 (2000) (holding that when relief is denied on procedural grounds, a petitioner must establish both that the correctness of the dispositive procedural ruling is debatable, and that the petition states a debatably valid claim of the denial of a constitutional right).

Signed: April 21, 2017

*[signature]*

Frank D. Whitney
Chief United States District Judge